UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JESSIE SHEPEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-CV-0082-CVE-FHM |
| | ) | |
| ROYAL INN EXPRESS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court are plaintiff's complaint (Dkt. # 1) and motion for leave to proceed in forma pauperis (Dkt. # 2). Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe plaintiff's pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). The Court has reviewed plaintiff's complaint, and it appears to allege the breach of a bailment. The Court will consider the issue of subject matter jurisdiction sua sponte, because the Court has a duty to consider this issue whenever it appears that subject matter jurisdiction may be lacking. FED. R. CIV. P. 12(h)(3).

The complaint alleges that plaintiff was staying with his fiancée[1] at defendant motel, which is located in Tulsa, Oklahoma. Dkt. # 1, at 2. Plaintiff became indebted to defendant. Id. at 3. On February 11, 2015, plaintiff and defendant's owner agreed that the owner would hold plaintiff's belongings, as well as those of plaintiff's fiancée, in a safe place until plaintiff could pay the debt. Id. at 2. Plaintiff alleges that, in spite of this agreement, defendant's owner and two employees

---

[1] The complaint is not clear as to plaintiff's gender, nor the gender of plaintiff's betrothed. As plaintiff refers to the betrothed as "fiancée" rather than "fiancé," the Court will assume that the betrothed is female. Dkt. # 1, at 2, 3.

entered plaintiff's motel room and discarded his and his fiancée's possessions in the garbage. Id. Plaintiff filed his complaint on February 12, 2015, seeking as relief the return of the items or their monetary value. Id. at 3. Plaintiff's complaint was submitted on a form intended for prisoners seeking to remedy violations of their civil rights pursuant to 42 U.S.C. § 1983. Id. at 1.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. P'ship--1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

Plaintiff's complaint does not allege any basis for subject matter jurisdiction and, regardless of plaintiff's pro se status, the Court cannot permit plaintiff to proceed with the lawsuit if the Court lacks subject matter jurisdiction over his claims. Plaintiff alleges that both parties are citizens of Oklahoma, Dkt. # 1, at 1, so the parties are not diverse and the Court cannot exercise diversity

jurisdiction under 28 U.S.C. § 1332(a). The Court has also considered whether the complaint states any basis for the exercise of federal question jurisdiction over plaintiff's claims under 28 U.S.C. § 1331. Plaintiff alleges the existence and violation of a voluntary bailment of his and his fiancée's possessions. Dkt. # 1, at 2. Such issues are matters of state, not federal, law. See OKLA. STAT. tit. 15, § 459 ("The duties and liabilities of a bailee by whom services are rendered or of whom services are required on the thing bailed are subject to the general laws of the state, and may be regulated by contract."). Although plaintiff filed his complaint on a form intended to remedy civil rights violations under 42 U.S.C. § 1983, plaintiff did not allege the violation of a civil or constitutional right by defendant. Broadly construing the allegations of plaintiff's complaint, the Court finds the complaint does not present a federal question, and the parties are not diverse. Pursuant to Rule 12(h)(3), plaintiff's case should be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff's case is **dismissed** for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **moot**.

**DATED** this 18th day of February, 2015.

*Claire V Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE